**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Eliam P.R.,

Petitioner,

v.

Pamela Bondi, et al.,

Respondents.

Case No. 26-cv-1508 (KMM/LIB)

**ORDER**

---

This matter is before the Court on Eliam P.R.'s Petition for a Writ of Habeas Corpus. (Dkt. 1.) For the reasons that follow, the petition is granted.

**BACKGROUND**

The facts alleged in the petition are not disputed. (Dkt. 5.) Eliam P.R. is a citizen of Nicaragua who has resided for several years in St. Paul, Minnesota. (Dkt. 1 ¶¶ 39–40.) entered the United States in June 2021 without inspection. (*Id.*) He was apprehended near the border, but released on his own recognizance. (*Id.* ¶ 2.) Although he was subject to electronic home monitoring and periodic check-ins as conditions of his release for a period of time, because he was fully compliant, these conditions were eventually removed. (*Id.* ¶ 41.)

On January 27, 2026, Eliam P.R. was arrested by immigration authorities. (*Id.* ¶ 42.) He was arrested without a judicial or administrative warrant. (*Id.* ¶¶ 9, 115.) Eliam P.R. claims that he is being wrongfully detained pursuant to 8 U.S.C. § 1225(b)(2), and that his warrantless arrest means that he cannot be subject to detention under § 1226(a).

After Eliam P.R. filed his petition, the Court issued an Order to Show Cause. Respondents filed their response to the petition on February 20, 2026. (Dkt. 5.) In it, they argue that Petitioner is subject to detention under § 1225(b)(2), but acknowledge that this case is similar to others in which this Court has reached the opposite conclusion. (*See id.*)

## DISCUSSION

A court may issue a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And district courts have authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). That power "includes jurisdiction to hear habeas challenges to immigration-related detention." *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025). "The burden is on the petitioner to prove illegal detention by a preponderance of the evidence." *Id.*

This case is one of many filed in recent months in this district challenging the unlawful detention of aliens who are already in the United States. In their response to the petition, Respondents assert that Eliam P.R. is subject to detention by ICE under 8 U.S.C. § 1225(b)(2)(A). (Dkt. 5.) This Court has previously held that, because aliens residing within the United States are not "seeking admission" within the meaning of § 1225(b)(2)(A), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The majority of courts to have considered these issues have reached the same conclusion. Additionally, although the Fifth Circuit just agreed with Respondents' reading of § 1225(b)(2), the Seventh Circuit has reached a different conclusion. *Compare*

*Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *4–10 (5th Cir. Feb. 6, 2026), *with Castañon-Nava v. DHS*, 161 F.4th 1048, 1061 (7th Cir. 2025). The Respondents' position is that the cases representing the majority view were wrongly decided and that the issue is currently pending before the Eighth Circuit in *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025).

Although the Court has considered the arguments raised by Respondents, and reviewed the authority cited in this and in other cases, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the majority of courts to have considered the matter. Of course, these issues are complex, and Respondents' arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Eliam P.R. or others who are similarly situated, and his mandatory detention under that provision is not supported by the law.

The Court further concludes that immediate release is the appropriate remedy. Respondents have not claimed to have a "warrant issued by the Attorney General" supporting Petitioner's recent arrest, *see* 8 U.S.C. § 1226(a), nor has the government produced one to the Court. "Section 1226 provides that '*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (quoting 8 U.S.C. § 1226(a)). The issuance of a warrant is a prerequisite to even discretionary detention under § 1226(a). *Id.* (citing cases). In *Ahmed M.*, the petitioner had been arrested without any such warrant having been issued and, therefore, the appropriate remedy was immediate

release rather than a detention hearing. *Id.*; *see also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (D. Minn. Jan. 12, 2026) (Order (Dkt. 8)) (same). The same is true here. Respondents point to neither a warrant supporting the applicability of § 1226(a) to Eliam P.R., nor any other statutory basis for a bond hearing, so immediate release is required.

**ORDER**

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Eliam P.R.'s Petition for a Writ of Habeas Corpus (Dkt. 1) is **GRANTED**.
2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.
3. The Court **ORDERS** Respondents to immediately release Eliam P.R. **without conditions and no later than 8:00 p.m. on February 21, 2026**.
4. Upon Eliam P.R.'s release, Respondents must return **all of his personal effects seized during his arrest, including but not limited to immigration paperwork**. His property must be returned in the same condition as it was in at the time he was arrested.
5. Finally, the Court **ORDERS** Respondents to file a notice within 24 hours of Petitioner's release, specifying the date, time, and location of his release.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 20, 2026

*s/Katherine M. Menendez*
Katherine M. Menendez
United States District Judge