UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Eliam P.R., | Case No. 26-cv-1508 (KMM/LIB) |
| Petitioner, | |
| v. | ORDER |
| Pamela Bondi, et al., | |
| Respondents. | |

On February 20, 2026, the Court Ordered the release of Petitioner Eliam P.R., finding that his continued detention is unlawful and granting his petition for a writ of habeas corpus. (Dkt. 6.) The Order required Eliam P.R.'s release immediately, and "no later than 8:00 p.m. on February 21, 2026." (*Id.* at 4 ¶ 3.) Although he had been previously transferred out of state following his arrest in Minnesota, at the time he filed his current petition, he was being held at Sherburne County Jail, where he presumably remains.[1]

Shortly after this Court ordered Eliam P.R.'s release, counsel for Respondents filed a request for an additional 24 hours in which to effectuate Petitioner's release. (Dkt. 7.) Counsel cited "the time and day of the week" and "the volume of cases that are currently being handled." (*Id.*) Counsel for Eliam P.R. filed a brief opposition to the request. (Dkt. 8.)

---

[1] Hours after the filing of his petition, the Court ordered him returned to Minnesota if he had been moved once again, and prohibited his transfer. (Dkt. 3.) Therefore, the Court assumes that Eliam P.R. is still being detained at Sherburne County Jail.

The Court appreciates the efforts of counsel for Respondents, both to ensure timely compliance with Court orders and to advocate for his client to avoid violations of those orders. But the request for an extension is denied for two reasons.

First, Respondents do not demonstrate good cause for detaining Eliam P.R. beyond 8:00 PM today, 24 hours after the release Order was issued. No specific reasons are given that compliance cannot be achieved in this case. Presumably the reference to the timing of the Order is noting that release is being required on a weekend, and that the Order and the deadline both fall in the evening. But all parties in this case are working nights and weekends due to Operation Metro Surge and its consequences. People are being arrested by ICE officials at all hours around the state. The Court issued the Order in question after hours on a Friday night, and counsel for both sides responded even later the same evening. Respondents are detaining Eliam P.R. despite it being a weekend. No reason has been shown that his release is the one part of the operation that cannot occur on a Saturday.

Second, and more critically, the "volume of cases currently being handled" is a problem entirely of Respondents' own making. The surge in immigration enforcement has been underway for almost three months, and Respondents alone control the pace of arrests and detentions. They have had many weeks to ensure that they have adequate resources in place to not only arrest people like Petitioner, but to handle the inevitable habeas petitions that result from these arrests: counsel for the respondents, systems to ensure compliance with court orders, staffing to enforce release orders regardless of timing. And Respondents have been aware that they could not rely on concerns about the volume of cases being

handled as an excuse for non-compliance with court orders for weeks. Nearly a month ago, Chief Judge Patrick Schiltz addressed this very phenomenon:

> [R]espondents decided to send thousands of agents to Minnesota to detain aliens without making any provision for dealing with the hundreds of habeas petitions and other lawsuits that were sure to result. Respondents have continually assured the Court that they recognize their obligation to comply with Court orders, and that they have taken steps to ensure that those orders will be honored going forward Unfortunately, though, the violations continue.

*See Juan T.R. v. Noem*, No. 26-cv-107 (PJS/DLM), Doc. 7 at 3 (D. Minn. Jan. 26, 2026) (Order to Show Cause). Respondents' failure to take the necessary steps to ensure they have the capacity to address the volume of cases their actions have precipitated does not outweigh Eliam P.R.'s liberty interests, or the importance of the Court's Order releasing him.

Finally, the Court notes its appreciation for the hard work of counsel for Respondents in this case. AUSA Rodriguez is clearly working long hours to represent his client, meet deadlines, and effectively implement Court Orders. And the Court notes that, despite advocating for an extension on behalf of his clients, counsel has already taken steps to transmit the Order for release to the appropriate parties to make sure it is complied with.

For the reasons set forth above, Respondents' Request for Extension of Release (Dkt. 7) is **DENIED**. However, the Court grants the related request for an extension to file a Notice with the Court confirming all of the details of Petitioner's release. That Notice can be filed any time on Monday, February 23, 2026.

Date: February 21, 2026

                                                                                     *s/Katherine Menendez*  
                                                                                     Katherine Menendez  
                                                                                     United States District Judge